UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGELINA DAVILA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 14-2844-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Angelina Davila ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for Social Security disability insurance benefits. The Court concludes that the ALJ failed to provide specific and legitimate reasons for giving little weight to the opinion of Plaintiff's treating physician. The ALJ's decision is therefore reversed and this matter is remanded for further proceedings consistent with this opinion.

## 1.0   Factual and Procedural Background

Plaintiff filed her application for benefits on September 21, 2011, alleging disability beginning March 12, 2011. Administrative Record ("AR") 15. The ALJ found that Plaintiff had the severe impairments of disorders of the back and diabetes. AR 17. The ALJ determined that Plaintiff retained the residual

functional capacity ("RFC") to perform light work with some additional functional limitations. AR 20.

### 2.0   Issues Presented

The parties dispute whether the ALJ erred in: (1) evaluating and weighing the opinion of Plaintiff's treating physician; and (2) assessing Plaintiff's credibility.[1] See Joint Stipulation ("JS") at 4.

### 3.0   Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

---

[1] Because the Court concludes that the ALJ erred in assessing the treating physician's opinion, the Court does not reach the remaining issue and will not decide whether this issue would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claim of error.

**4.0   The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of her treating orthopedic surgeon, Dr. Greg Khounganian. JS at 3-10. Dr. Khounganian performed an L4-L5 vertebrae fusion surgery in March 2011 to help alleviate Plaintiff's lower back pain. AR 327, 344. In a physical RFC questionnaire dated August 13, 2012, Dr. Khounganian provided information regarding the effect of Plaintiff's lower back pain and her post-surgery status on her ability to perform various work-related functions. Among other things, Dr. Khounganian opined that Plaintiff was limited to standing and/or walking for two hours and sitting for less than six hours in an eight-hour workday, and that Plaintiff would be absent from work approximately three times per month due to her condition. AR 465-68.

In formulating Plaintiff's RFC, the ALJ rejected Dr. Khounganian's opinion as follows:

> The undersigned has considered the opinion of the treating physician, Dr. Khounganian. The undersigned has given little weight to this opinion because it is brief, conclusory, and inadequately supported by clinical findings. Dr. Khounganian essentially concluded the claimant was unable to work at the level of substantial gainful activity because of frequent absences. The undersigned finds this conclusion has no probative value and rejects it. As an opinion on an issue reserved to the Commissioner, this statement is not entitled to controlling weight and is not given special significance pursuant to 20 C.F.R. 404.1527(e) and SSR 96-5. Further, this opinion is inconsistent with the claimant's capacity to perform several activities of daily living normally, such as using the computer and taking public transportation. Moreover, this

     opinion is contradicted by treatment records documenting that the claimant's back pain was "well controlled." Tellingly, on May 8, 2012, an MRI scan showed partial bony fusion with bilateral screws and a mild bulging at L5 without significant encroachment of the foramina. Accordingly, little weight is given to this opinion.

AR 24 (citations to the administrative record omitted). In contrast, the ALJ gave "significant . . . but not full weight" to the opinions of a consulting examining physician and a state-agency consultant, each of whom "found that the claimant was restricted to a limited light exertional level." AR 22-23.

     An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(c)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include the length of the treatment relationship and the frequency of examination by the treating physician and the nature and extent of the treatment relationship between the patient and the treating physician. Orn, 495 F.3d at 631; see also 20 C.F.R. § 404.1527(c)(2)(i)-(ii).

     The first reason offered by the ALJ for giving little weight to Dr. Khounganian's opinion is that the opinion was "brief, conclusory, and inadequately supported by clinical findings." AR 23. Although it is true that the August 13, 2012 questionnaire is somewhat brief and conclusory, there is

other, more detailed medical evidence in the record which supports the opinions given by Dr. Khounganian in the questionnaire. Dr. Khounganian began treating Plaintiff in January 2011 for lower back pain, which was sufficiently severe to require an L4-L5 lumbar fusion surgery in March 2011. AR 327, 344. Although there was evidence of improvement in the first few months after the fusion surgery, Dr. Khounganian noted that Plaintiff was still experiencing some pain which required Vicodin and Aleve. See AR 334, 336, 338, 340. In May 2012, Dr. Khounganian noted that, based upon a recent CT scan, it appeared that the L4-L5 fusion may not have been completely successful and Plaintiff was again experiencing significant lower back pain. See AR 341, 342. Dr. Khounganian recommended that Plaintiff consider more aggressive treatment, including another surgery, to try to alleviate her lower back pain. AR 341. Accordingly, the longitudinal treatment record as a whole undermines the ALJ's rejection of Dr. Khounganian's opinion as brief and unsupported.

     Another reason provided by the ALJ for giving little weight to Dr. Khounganian's opinion is that his conclusion about how much work she would miss was an opinion regarding an issue reserved to the Commissioner. AR 23. However, the RFC questionnaire asked Dr. Khounganian how often she would be absent from work as one of several questions about her functional impairments. It is unclear how Dr. Khounganian's response to this question warrants the rejection of his opinion as a whole. Moreover, although the ultimate issue of disability is reserved to the Commissioner, the ALJ must nevertheless consider a treating physician's opinion as to a claimant's functional limitations. See 20 C.F.R. § 404.1513(b)(6) (providing that a medical report from a treating source "should include . . . [a] statement about what you can still do despite your impairment(s)"). Here, Dr. Khounganian did not opine that Plaintiff was disabled; rather, he provided various functional

limitations, such as sitting, standing, walking, and lifting limitations, as well as an opinion regarding Plaintiff's possible absenteeism due to her impairments, which would have an effect on Plaintiff's ability to perform work-related functions. This is exactly the purpose for which a treating physician's opinion is intended.

The ALJ also rejected Dr. Khounganian's opinion because it was inconsistent with Plaintiff's ability to perform certain activities of daily living, such as "using the computer and taking public transportation." AR 23 (citing AR 174-80). Dr. Khounganian opined that Plaintiff could occasionally carry less than 10 pounds, could stand and/or walk for approximately two hours, and could sit for less than six hours in an eight-hour workday. AR 465-68. However, none of the activities of daily living identified by the ALJ appear to require lifting more than ten pounds, standing and/or walking for more than two hours, or sitting for more than six hours. Because the ALJ provided no explanation as to how Dr. Khounganian's opinion is undermined by Plaintiff's ability to perform certain limited activities of daily living, the Court concludes that this is not a specific and legitimate reason for rejecting the treating physician's opinion.

Finally, the ALJ concluded that Dr. Khounganian's opinion was contradicted by treatment records that documented that Plaintiff's back pain was "well controlled." AR 23 (citing AR 342, 464). However, in concluding that Plaintiff's back pain was improving, it appears that the ALJ focused solely on a few select treatment notes which were unfavorable to Plaintiff. Reviewing the medical evidence as a whole, it is clear that, although Plaintiff experienced some relief from her lower back pain in the months directly after the L4-L5 fusion surgery, such improvement was temporary. For example, although Plaintiff reported improvement of symptoms in April through August 2011, see AR 334, 336, she was again experiencing significant back pain and a

concomitant increase in use of prescription pain killers by November 2011, see, e.g., AR 338, 340, 341.

In fact, a May 2012 CT scan of Plaintiff's lumbar spine "reveal[ed] [a] posterior fusion bone graft that appears to be somewhat fragmented and not completely solidified." AR 342. Based upon the results of the CT scan, Dr. Khounganian noted that Plaintiff is "status post L4-L5 fusion with instrumentation with contained low back pain despite conservative measures including bone stimulator, pain control [and] physical therapy." AR 341. Dr. Khounganian recommended that Plaintiff "see pain management for L5-S1 facet blocks and possible rhizotomy," and noted that Plaintiff may require further surgery by extending the fusion to the S1 vertebra if her pain continued. Id. As noted by the Ninth Circuit, "[o]ccasional symptom-free periods—and even the sporadic ability to work—are not inconsistent with disability." Lester, 81 F.3d at 833. The ALJ may not cherry-pick evidence to support the conclusion that a claimant is not disabled, but must consider the evidence as a whole in making a reasoned disability determination. See Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001) (concluding that ALJ's basis for rejecting treating physician's medical opinion was not supported by substantial evidence because ALJ "selectively relied on some entries . . . and ignored the many others that indicated continued, severe impairment"). Accordingly, the Court finds that this reason for rejecting Dr. Khounganian's opinion is not supported by substantial evidence.

In sum, the Court finds that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician. The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this

discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). Here, remand is appropriate for the ALJ to fully and properly consider the opinion of Plaintiff's treating physician, Dr. Khounganian, and to determine whether that opinion supports a finding of disability.

**5.0 Conclusion**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: November 4, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge